UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NANCY KOWALSKI, *on behalf of herself and all others similarly situated*,

        Plaintiff,

v.

APPLE REIT TEN, INC., APPLE REIT NINE, INC., DAVID LERNER ASSOCIATES, INC., DAVID LERNER, GLADE M. KNIGHT, BRYAN PEERY, KENT W. COLTON, GLENN W. BUNTING, R. GARNETT HALL, JR., RONALD A. ROSENFELD, ANTHONY FRANCIS "CHIP" KEATING, III, LISA B. KERN, BRUCE H. MATSON, MICHAEL S. WATERS, AND ROBERT M. WILY,

        Defendants.

---

CV11-2919 (JAM)(JO, M.J.)

**PROPOSED LEAD PLAINTIFF ROBERT LUBIN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Proposed Lead Plaintiff Robert Lubin ("Movant"), respectfully submit this Memorandum of Law in Support of their Motion (the "Motion") for an order: (1) appointing Movant as Lead Plaintiff pursuant to Section 27(a)(1) and (a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), and (2) approving Movant's selection of Scott+Scott LLP ("Scott+Scott") as Lead Counsel.

### **INTRODUCTION**

The above-captioned action (the "Action") is a putative securities class action asserting claims under Sections 11, 12(a), and 15 of the Securities Act of 1933 (*see* 15 U.S.C. §§ 77k, 77l(a)(2) and 77(o)) against defendants Apple REIT Ten, Inc. ("REIT Ten"), Apple REIT Nine, Inc. ("REIT Nine"), Apple Nine Advisors, Inc., Apple Ten Advisors, Inc., David Lerner & Associates, Inc. ("DLA"), David Lerner, Glade M. Knight, Bryan Peery, Kent W. Colton, Glenn W. Bunting, R. Garnett Hall, Jr., Ronald A. Rosenfeld, Anthony Francis Keating III, Lisa B. Kern, Bruce H. Matson, Michael S. Waters, and Robert M. Wily. The Action is brought on behalf of a putative class of all persons who purchased or otherwise acquired REIT Nine and REIT Ten securities (sometimes collectively referred to as the "Securities") and suffered damages as a result of the material misrepresentations and omissions set forth in the offering materials. More specifically, the complaint alleges, among other things, that: (1) REIT Nine's and REIT Ten's registration statements and prospectuses failed to disclose material information concerning the value of shares of prior Apple REITs, which pursued nearly identical investment strategies and whose share value had declined significantly, (2) the operations and investment model pursued by REIT Nine and REIT Ten was virtually guaranteed to lose investors' capital,

and (3) DLA solicited purchases of REIT Nine and REIT Ten by means of false and misleading statements concerning the distributions paid by prior Apple REITs.

This timely-filed motion is made on the ground that Movant is the most adequate lead plaintiff. As demonstrated herein, Movant believes that he has the largest financial interest in the relief sought by the class, and meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.[1] Accordingly, pursuant to the applicable standards, the Court should appoint Movant to serve as Lead Plaintiff and approve his selection of Scott+Scott to serve as lead counsel.

## ARGUMENT

### I. The Court Should Appoint Movant as Lead Plaintiff

The PSLRA establishes a procedure for the appointment of "lead plaintiff" in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §27(a)(1) and (a)(3)(B), 15 U.S.C. §77z-1(a)(1) and (a)(3)(B). The PSLRA provides that the plaintiff who files the initial action must publish an "early notice" to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. §27(a)(3)(A)(i), 15 U.S.C. §77z-1(a)(3)(A)(i).[2] The PSLRA further provides that within 90 days after the publication of the notice of pendency, the court shall consider any lead plaintiff motion and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be

---

[1] A certification detailing Movant's purchases is attached as Exhibit B to the Declaration of Joseph Guglielmo in Support of Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Guglielmo Decl.").

[2] The early notice was published on June 17, 2011 (the "Notice"). A true and correct copy of the Notice is attached as Exhibit A to the Guglielmo Decl.

most capable of adequately representing the interests of class members," the criteria for which are further defined by the PSLRA.[3] §27(a)(3)(B)(i), 15 U.S.C. §77z-1(a)(3)(B)(i).

The PSLRA directs courts to presume, when appointing a lead plaintiff pursuant to the statute, that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class, and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§27(3)(13)(iii)(II), 15 U.S.C. §77z-1(a)(3)(13)(iii)(II). The movant with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23 is the presumptive lead plaintiff. *See, e.g., In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004).

As discussed and demonstrated below, Movant satisfies each of the criteria set forth above and is entitled to the presumption that he is the most adequate plaintiff.

### A. This Motion is Timely Filed Because It Was Filed Within Sixty Days of Publication of the Notice

The complaint in this Action was filed on June 16, 2011, and on June 17, 2011, Notice was published. *See* Guglielmo Decl., Exhibit A. Movant filed the instant motion on August 16, 2011, within sixty days of publication. Accordingly, this motion is timely.

---

[3] The PSLRA authorizes putative class members to move for appointment as lead plaintiff even if they have not filed a complaint. *See* 15 U.S.C. §77z-4(3)(B)(ii)(I).

### B. Movant Believes He Has the Largest Financial Interest in the Relief Sought

Section 27(a)(3)(iii)(I)(bb) of the PSLRA defines the first requirement for the most adequate plaintiff is to be the "person or group of persons" that has "the largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(iii)(I)(bb).

Section 11(a) of the Securities Act of 1933 provides the following regarding the measure of damages:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e). Movant purchased $32,192.37 worth of the Securities (*See* Guglielmo Decl., Exhibit B), and given that (i) the Securities are illiquid and do not trade on an open market; and (ii) DLA is no longer assigning the Securities any value, it is fair to assume that for the purposes of this motion the Securities are worthless. Movant's loss is, therefore, $32,192.37.

As of the date of this Motion, Movant is unaware of any motion for appointment as lead plaintiff by a putative class member that claims to have sustained greater financial losses than Movant in connection with the purchase and sale of the Securities.

### C. Movant Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further sets out the second requirement for being the "most adequate plaintiff." In addition to possessing the largest financial interest in the outcome of the litigation, the movant must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are

satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Of these four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representatives. Accordingly, in adjudicating a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Pirelli*, 229 F.R.D. at 411-12. Movant satisfies both the typicality and adequacy requirements.

### 1. **Movant's Claims Are Typical of the Claims of Other Class Members**

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Movant's claims are typical of the claims of the other members of the class. Here, Movant purchased the Securities: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by defendants; and (2) was damaged thereby. Movant's claims in this case meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same

course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom.*, *Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

### 2. Movant Will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where the representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Movant will adequately represent the interests of the class in this Action. First, counsel for the class is well-qualified. Indeed, Scott+Scott have considerable experience in the prosecution of shareholder class action and federal securities law claims. *See* Scott+Scott LLP firm resume, attached as Exhibit C to the Guglielmo Decl. Second, there are no potential conflicts between Movant and the interests of the absent class members. All class members are aligned in the common interest of recovering their damages from defendants. Movant has indicated that he will protect the interests of the class, as reflected in Movant's certification. *See* Guglielmo Decl., Exhibit B.

## II. The Court Should Approve Movant's Choice of Lead Counsel

Pursuant to Section 27(a)(3)(B)(v), 15 U.S.C. §77z-1(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *In re Cavanaugh,* 306 F.3d 726, 733 (9th Cir. 2002). Here, Movant has selected and retained Scott+Scott. The firm possesses extensive experience in the areas of securities, class and other complex litigation. *See* Guglielmo Decl., Exhibit C. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Movant's motion to be appointed as Lead Plaintiff and to appoint Scott+Scott as Lead Counsel.

DATED: August 16, 2011

Respectfully submitted,
SCOTT+SCOTT LLP

/s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO
JOSEPH D. COHEN
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
jcohen@scott-scott.com

– and –

DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-3818
Facsimile: 860-537-4432
drscott@scott-scott.com

*Proposed Lead Counsel for*
*Proposed Lead Plaintiff*

Jack I. Zwick
100 Church Street
Suite 850
New York, NY 10007
Telephone: 212-385-1900
Facsimile: 212-385-1911

*Counsel for Proposed Lead Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 16, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the Eastern District of New York using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212-233-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com