IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                    )
IN RE APPLE REITs LITIGATION        )       No. 11-cv-02919-KAM-JO
                                    )
_____)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE APPLE REIT
DIRECTORS, OFFICERS AND AFFILIATES'
<u>MOTION TO DISMISS THE CONSOLIDATED COMPLAINT</u>**

Elizabeth F. Edwards
McGUIREWOODS LLP
One James Center
901 East Cary St.
Richmond, VA 23219-4030
Tel.: (804) 775-4390
eedwards@mcguirewoods.com

Charles Wm. McIntyre
McGUIREWOODS LLP
Washington Square
2001 K St. N.W. Suite 400
Washington, D.C. 20006-1040
Tel.: (202) 857-1742
cmcintyre@mcguirewoods.com

Marshall Beil
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
Tel.: (212) 548-2100
mbeil@mcguirewoods.com

*Attorneys for Defendants Glenn W. Bunting,
Kent W. Colton, Michael S. Waters,
Robert M. Wily, Garnett Hall, Jr.,
Anthony Francis "Chip" Keating,
David J. Adams, Glade M. Knight,
Bryan Peery, Apple Suites Realty Group Inc.,
Apple Eight Advisors, Inc., Apple Nine
Advisors, Inc., Apple Ten Advisors, Inc.
and Apple Fund Management, LLC*

Gregory S. Bruch
Sandra M. Hanna
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006
Tel.: (202) 303-1230
shanna@willkie.com

*Attorneys for Defendants Bruce H. Matson,
Ronald A. Rosenfeld, and Lisa B. Kern*

July 13, 2012

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1
ARGUMENT .......................................................................................................................4
    I.    Plaintiffs' Federal Securities Claims Should be Dismissed ...................................4
        A.    The Section 11 Claim Fails ........................................................................4
        B.    The Section 15 "Control Person" Claims Also Fail ...................................4
    II.    Plaintiffs' Common Law Claims Are Also Subject to Dismissal ..........................5
        A.    Count 7 Fails to State Any Claim Against Any Apple REIT Defendant......................................................................................................5
            1.    Plaintiffs have abandoned their claim for breach of fiduciary duty against the Individual Apple REIT defendants .......................................................................................5
            2.    The Complaint does not state a claim against any Apple REIT defendant for aiding and abetting DLA's purported breach of fiduciary duty ...................................................6
        B.    The Apple REIT Individual and Affiliate Defendants Are Not Alleged To Have Received Any Unjust Benefit ........................................7
        C.    The Negligence Claim Also Fails...............................................................8
    III.    Plaintiffs' State Securities Claims Should Be Dismissed.......................................9
CONCLUSION ..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anwar v. Fairfield Greenwich, Ltd.*,
    728 F. Supp.2d 372 (S.D.N.Y. 2010) ..................................................................................9

*In re Global Crossing, Ltd., Sec. Litig.*,
    2005 WL 1907005 (S.D.N.Y. Aug. 8, 2009) .......................................................................5

*In re Lehman Bros. Mortgage-Backed Securities Litigation*,
    650 F.3d 167 (2d Cir. 2011) ................................................................................................4

*In re Sharp Int'l Corp.*,
    403 F.3d 43 (2d Cir. 2005) ..............................................................................................6, 7

*Kaufman v. Cohen*,
    307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dept. 2003) .....................................................6, 7

*King County v. IKM Deutsche Industriebank AG*,
    2012 U.S. Dist. LEXIS 64090 (S.D.N.Y. May 4, 2012) .....................................................9

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006) ............................................................................................6, 7

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
    244 F.R.D. 204 (S.D.N.Y. 2007) ........................................................................................9

*SEC v. First Jersey Sec., Inc.*,
    101 F.3d 1450 (2d Cir. 1996) ..............................................................................................4

**STATUTES**

15 U.S.C. § 77o ..............................................................................................................1, 2, 4

15 U.S.C. § 77k ....................................................................................................................2, 4

15 U.S.C. § 77l .........................................................................................................................2

CONN. STAT. ANN. § 36b-4 .................................................................................................3, 10

CONN. STAT. ANN. § 36b-5 .................................................................................................3, 10

FLA. STAT. § 517.301 ..........................................................................................................3, 10

## INTRODUCTION

Plaintiffs filed this strike suit as a knee-jerk reaction to the FINRA Complaint against DLA, and named as defendants not only DLA and five Apple REITs, but twelve individuals who serve as directors and officers of the five Apple REITs and five affiliated companies that provide various services to those REITs ("the Apple REIT Individual and Affiliate Defendants"). As in the Complaint, plaintiffs' single opposition memorandum to all three motions to dismiss[1] rarely mentions either the Apple REIT Individual Defendants or the unique companies comprising the Apple REIT Affiliate Defendants. Plaintiffs' "shotgun" briefing style mirrors their pleading style and does not support claims against these defendants.[2]

Plaintiffs' federal and state securities claims cannot survive because no actionable material misstatement or omission exists.[3] Similarly, plaintiffs cannot overcome the thorny issue of loss – they have not suffered any losses, which explains why they have not alleged any. In addition, the federal securities claims under Section 15 fail because plaintiffs have not established and cannot establish control person liability.

The common law claims are similarly weak and are pled with little regard to the necessary elements of those claims. For example, plaintiffs bring their unjust enrichment claim without alleging any enrichment. The negligence claim similarly fails because plaintiffs have not adequately pleaded that DLA was an "agent" of the Individuals and Affiliates, nor have they adequately pleaded any underlying negligence by DLA. Also, plaintiffs' aiding and abetting

---

[1] *See generally* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Consolidated Class Action Complaint, 5/25/2012 ("Pl. Memo.").
[2] As with their Memorandum of Law in Support of their Motion to Dismiss ("Apple REIT Indiv. Defs. Memo.") the Individuals and Affiliates incorporate by reference the Apple REITs' Memorandum of Law in Support of their Motion to Dismiss ("Apple REIT Defs. Memo.") and Reply brief ("Apple REIT Defs. Reply") and the Reply brief of DLA, and will not re-state the same arguments that necessitate dismissal of the claims pending against all defendants.
[3] *See* Apple REIT Defs. Reply at 3-4; *see also* Apple REIT Defs. Memo. 7-16.

1

DLA's breach of fiduciary duty claim should be dismissed because plaintiffs have not sufficiently alleged that any Apple REIT defendant had actual knowledge of or participated in DLA's alleged breach of fiduciary duty.

Ultimately, there are multiple grounds for dismissal of each of plaintiffs' claims against the Individuals and Affiliates[4]:

**Count 1:** Section 11 claim against the Officers and Apple REIT Ten Directors for alleged material misstatements or omissions in the Apple REIT Ten registration statement:
- No actionable misrepresentation or omission is alleged.
- Allegations of corporate mismanagement are not actionable.
- No cognizable loss is alleged.
- The absence of loss causation is established on the face of the Complaint.

**Count 3:** Section 15 control person claim against the Officers, Apple REIT Nine Directors, Apple Nine Advisors, Apple Suites Realty and Apple Fund Management for alleged primary Section 12(a)(2) violations concerning Apple REIT Nine:
- No primary violation under Section 12.
- No allegation that Affiliate Defendants had control over Apple REIT Nine.
- The claim is time-barred.

**Count 4:** Section 15 control person claim against Officers, Apple REIT Ten Directors, Apple Ten Advisors, Apple Suites Realty and Apple Fund Management for alleged primary Section 11 and Section 12(a)(2) violations concerning Apple REIT Ten:
- No primary violation under Section 11 or 12.
- No allegation that Affiliate Defendants had sufficient control over Apple REIT Ten.

**Count 7:** Aiding and abetting DLA's alleged breach of fiduciary duty claim against the Apple REIT Defendants[5]:
- No cognizable loss is alleged.
- No allegation that any Apple REIT Defendant had sufficient knowledge of or participation in DLA's purported breach of fiduciary duty.

**Count 8:** Unjust enrichment against all Defendants:
- No allegation that any Apple REIT Defendant received any unjust benefit.
- No cognizable loss is alleged.

---

[4] For the Court's convenience, a chart summarizing the grounds for dismissal of each count brought against any of the Apple REIT defendants is attached as Exhibit P to the Supplemental Declaration of Elizabeth F. Edwards ("Edwards Reply Decl.").

[5] Plaintiffs have abandoned their direct breach of fiduciary duty claim against the Apple REIT Directors, Officers, and Affiliates. (*See* Pl. Memo. 65 n.15).

- Relationship was governed by express contract, which bars claims for unjust enrichment.

**Count 9:** <u>Negligence</u>, claiming all Apple REIT Defendants are jointly and severally liable for DLA's alleged negligence:
- No allegation that DLA was agent of any Apple REIT Individual or Affiliate Defendant.
- The economic loss rule bars the claim.
- Any alleged negligence of DLA was beyond the express scope of its authority as an agent of the Apple REITs.
- DLA was not negligent.

**Count 10:** Plaintiff Berger's <u>Connecticut Uniform Securities Act</u> ("CUSA") claim against Knight for alleged misstatements and omissions in connection with the offer or sale of Apple REITs 8-10:
- No actionable misrepresentation or omission is alleged.
- No private right of action under § 36b-4.
- Plaintiff Berger never purchased shares in Apple REIT Ten.
- Time-barred as to shares of Apple REIT Eight and shares of Apple REIT Nine purchased before June 18, 2009.

**Count 11:** Plaintiff Berger's <u>CUSA</u> claim against the Apple REIT Individual Defendants for material misstatements and omissions in connection with the offer or sale of Apple REITs 8-10 units to Connecticut residents:
- No actionable misrepresentation or omission is alleged.
- CUSA § 36b-5 only applies to claims against investment advisors and there is no allegation that any Apple REIT Defendant was an investment advisor.
- Plaintiff Berger never purchased shares in Apple REIT Ten.
- Time-barred as to shares of Apple REIT Eight and shares of Apple REIT Nine purchased before June 18, 2009.

**Count 12:** Plaintiff Berger's <u>CUSA</u> claim against the Apple REIT Individual Defendants as control persons of Apple REITs 8-10:
- Failed to state a claim for primary violation.
- Plaintiff Berger never purchased shares in Apple REIT Ten.
- Time-barred as to shares of Apple REIT Eight and shares of Apple REIT Nine purchased before June 18, 2009.

**Count 13:** Plaintiff Murray's <u>Florida Securities Investor Protection Act</u> claim against the Apple REIT Individual Defendants for participating or aiding in selling Apple REITs 8-10 to Florida residents by means of material misrepresentations or omissions:
- No actionable misrepresentation or omission is alleged.
- Failed to allege justifiable reliance.
- Plaintiff Murray never purchased shares in Apple REIT Ten.
- Time-barred as to shares of Apple REIT Eight and shares of Apple REIT Nine purchased before June 18, 2009.

3

For these reasons, and the reasons included in the Apple REITs' and DLA's briefs, the Individual and Affiliate Defendants request that this Court dismiss plaintiffs' claims.[6]

## ARGUMENT

I. **PLAINTIFFS' FEDERAL SECURITIES CLAIMS SHOULD BE DISMISSED.**

    A. **The Section 11 Claim Fails.**

The Section 11 claim against the Apple REIT Individual and Affiliate Defendants fails because plaintiffs fail to identify an actionable misrepresentation or omission. (*See* Edwards Reply Decl. Exh. O; Apple REIT Defs. Memo. 7-16; Apple REIT Defs. Reply 3-4; Apple REIT Indiv. Memo. 7-8; DLA Memo. 8-13; DLA Reply 2-10). Furthermore, plaintiffs do not allege any loss whatsoever, and the absence of loss causation is apparent on the face of the Complaint.

    B. **The Section 15 "Control Person" Claims Also Fail.**

Plaintiffs have failed to sufficiently allege "control person" liability under Section 15. First and foremost, the lack of a primary violation by Apple REITs Nine or Ten is dispositive.[7] Because plaintiffs have failed to plead a primary violation, their Section 15 claims fail as well.

Second, plaintiffs' Section 15 claims against the Affiliates fail for the additional and independent reason that plaintiffs have not sufficiently alleged that the Affiliates had managerial control over the Apple REITs. "Control" requires that the defendant had "the power to direct or cause the direction of the management and policies of [the primary violators], whether through the ownership of voting securities, by contract, or otherwise." *In re Lehman Bros. Mortgage-Backed Securities Litigation*, 650 F.3d 167, 185 (2d Cir. 2011) (quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472–73 (2d Cir.1996)). However, the Complaint alleges no facts to

---

[6] Defendant Adams was not a director at the time that any plaintiff purchased shares in any of the Apple REITs and, accordingly, claims against him should be dismissed.

[7] Plaintiffs admit that the Individual and Affiliate Defendants are not liable under Section 15 for the actions of DLA or David Lerner. (Pl. Memo. 50).

4

support that the Affiliates controlled the Apple REITs. In their Opposition, plaintiffs attempt to "explain" their allegations, and even appear to ask this Court to "presume" control. (Pl. Memo. 50). But the allegations in the Complaint are what they are: plaintiffs merely allege that the Affiliates were involved, interacted with and provided services for the Apple REITs. (Compl. ¶¶34-38).

Conclusory allegations that a defendant had the "power, influence and authority to cause or prevent the wrongful conduct alleged in this complaint" (Compl. ¶¶222, 226) cannot substitute for factual allegations that would permit an inference of control. *See In re Global Crossing, Ltd., Sec. Litig.*, 2005 U.S. Dist. LEXIS 16228, *30 (S.D.N.Y. Aug. 5, 2009) (holding that where a plaintiff "seeks to attribute control status to a third party, director, or employee who is not in a control position . . . then further factual allegations beyond a substantial stock relationship or officer/director status must be made to show that in fact such control can be inferred.") Moreover, plaintiffs' argument that, in the future, "plaintiffs could develop some set of facts that would ultimately establish liability" (Pl. Memo. 52), is contrary to the requirements and spirit of Rule 12(b)(6). For all these reasons, plaintiffs' federal securities claims should be dismissed.

II. **PLAINTIFFS' COMMON LAW CLAIMS ARE ALSO SUBJECT TO DISMISSAL.**

    A. **Count 7 Fails to State Any Claim Against Any Apple REIT Defendant.**

        1. **Plaintiffs have abandoned their claim for breach of fiduciary duty against the Individual Apple REIT defendants.**

In Count 7, plaintiffs assert a claim for breach of fiduciary duty against the Apple REIT Individual Defendants (Compl. ¶240) and a claim for aiding and abetting the Apple REIT Individual Defendants' purported breach of fiduciary duty against the Apple REIT Affiliates (Compl. ¶242). Plaintiffs have abandoned these claims and, accordingly, these claims should be

5

dismissed. (*See* Pl. Memo. 65 n.15).

### 2. The Complaint does not state a claim against any Apple REIT defendant for aiding and abetting DLA's purported breach of fiduciary duty.

The only remaining breach of fiduciary duty claim against the Apple REIT Individual and Affiliate Defendants in Count 7 is the allegation that those defendants aided and abetted DLA's alleged breach of fiduciary duty. But this claim also fails.

First, plaintiffs have failed to allege that the Apple REIT Individual and Affiliate Defendants had knowledge of any alleged wrongdoing by DLA. Plaintiffs concede that the law requires a plaintiff to plead that the alleged aider and abettor "knew about the breach." (Pl. Memo. 64).[8] The law holds further that "there *must be* an allegation that such defendant had *actual knowledge* of the breach of duty," see *Lerner*, 459 F.3d at 294 (quoting *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (N.Y. App. Div. 2003)) (emphasis added). But plaintiffs assert only that it is "reasonable to infer" that the Apple REIT Individual and Affiliate Defendants "knew about" or "must have known about" alleged misrepresentations by DLA. (*See* Pl. Memo. 65, 66). These conclusory allegations are plainly inadequate and do not evidence "actual knowledge." (*Id.* at 65).

Second, plaintiffs have failed to sufficiently allege knowing and substantial assistance, which they acknowledge is a requirement for aiding and abetting. (Pl. Memo. 64 (a plaintiff must show that the defendant "assisted in or encouraged the wrongdoing")). In an attempt to skirt the requirement to show knowing and substantial assistance, plaintiffs assert that "'mere

---

[8] Plaintiffs do not cite the requirement that the plaintiff suffer damage as a result of the breach. See *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006). Plaintiffs simply fail to respond to the Apple REIT defendants' argument that they have no actual damages. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 50 (2d Cir. 2005) ("damages remain an element of the cause of action").

6

inaction' is a sufficient form of 'assistance' to support a claim for aiding and abetting breach of fiduciary duty. *Lerner*, 459 F.3d at 294-95." (Pl. Memo. 65-66). But reference to the cited case shows that the court held that "the mere inaction of an alleged aider and abettor constitutes substantial assistance *only if the defendant owes a fiduciary duty directly to the plaintiff*." *Id.* at 295 (quoting *Kaufman*, 760 N.Y.S.2d at 170; also citing *In re Sharp Int'l Corp.*, 403 F.3d at 50-51) (emphasis added). By contrast, plaintiffs have conceded that the Apple REIT Individual and Affiliate Defendants have no such fiduciary duties. (Pl. Memo. 65 n.15). Therefore, contrary to plaintiffs' assertion, an allegation of "mere inaction" is inadequate to state a claim as matter of law. *See In re Sharp*, 403 F.3d at 51 ("Since Sharp does not contend that State Street owed Sharp a fiduciary duty, Sharp must allege that State Street committed affirmative acts that furthered the Spitzes' breaches of fiduciary duty to Sharp and caused Sharp the $19 million loss."). Thus, plaintiffs' failure to allege an affirmative act that furthered DLA's purported breach of fiduciary duty requires dismissal of Count Seven.

### B. The Apple REIT Individual and Affiliate Defendants Are Not Alleged To Have Received Any Unjust Benefit.

Plaintiffs concede that "[t]o state a claim for unjust enrichment, plaintiffs must allege that plaintiffs conferred a benefit on defendants and that defendants' retention of the benefit was unjust." (Pl. Memo. 66). The Apple REIT Defendants moved to dismiss Count 8 in part because plaintiffs failed to allege that any Apple REIT director, officer, affiliate or Apple REIT received any unjust benefit from plaintiffs. In response, plaintiffs mischaracterize their own Complaint by stating that they "allege that defendants received benefits in the form of fees, commissions and salary. ¶246." (Pl. Memo. 68-69). To the contrary, Complaint ¶246 merely alleges "By their wrongful acts and omissions alleged above, Defendants were unjustly enriched at the expense of and to the detriment of plaintiffs and the class." Such a sweeping and conclusory allegation is

7

insufficient to state a claim for unjust enrichment. Plaintiffs can point to no allegation in their Complaint (because there is none) that any Apple REIT Individual[9] or Affiliate[10] Defendant received any benefit whatsoever at the expense of plaintiffs, much less an unjust one. Accordingly, Count 8 must fail.

        **C.     The Negligence Claim Also Fails.**

Plaintiffs have abandoned the negligence claim as against the Apple REIT Individual and Affiliate Defendants. The Complaint fails to allege an agency relationship between DLA and any of the Apple REIT Individual and Affiliate Defendants, as would be required to state a negligence claim. (Apple REIT Indiv. Memo. 23-24). Plaintiffs neglect to address this issue and instead discusses Count 9 only as it pertains to DLA and the Apple REITs. (Pl. Memo. 70-75). Accordingly, plaintiffs have abandoned the negligence claim against the Apple REIT Individual and Affiliate Defendants, whose relationship with DLA was in no sense an agency relationship.

In addition, regardless of plaintiffs' abandonment of the claim, the economic loss rule bars the negligence claims. The economic loss rule generally bars recovery of purely economic loss in negligence actions. (Apple REIT Indiv. Memo. 24). Here, any conceivable losses of plaintiffs could only be mere economic losses and, therefore, plaintiffs are barred from seeking recovery on a negligence claim.

Plaintiffs assert that New York has not applied the economic loss rule to actions

---

[9] Plaintiffs' sweeping conclusion that "Defendants were unjustly enriched" also fails to distinguish between the various Apple REIT Individual Defendants. For example, defendants Hall, Keating, Rosenfeld, and Adams were directors only of the most recent Apple REIT – Apple REIT Ten – which did not sell shares until 2011. Defendant Rosenfeld served as a director of Apple REIT Ten for fewer than six months and Director Adams did not even join the Apple REIT Ten Board until July 2011, after the first complaint was filed.

[10] Similarly, plaintiffs fail to distinguish between or make any specific allegations in Count 8 with respect to the various Apple REIT Affiliate Defendants. For example, Apple Suites Realty merely provides real estate brokerage services and Apple Fund Management provides employees to the various Apple companies.

8

involving securities fraud. (Pl. Memo. 71-72). While it is true that the Court of Appeals of New York has not extended the economic loss rule to actions alleging securities fraud, the federal courts in New York have routinely applied the economic loss rule to such claims. *See King Cty v. IKM Deutsche Industriebank AG*, 2012 U.S. Dist. LEXIS 64090, *47 (S.D.N.Y., May 4, 2012) (noting that despite the Court of Appeals' cases, the doctrine has been applied broadly); *Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp.2d 372, 414 (S.D.N.Y. 2010) (cited in Pl. Memo. 50, 66, 67, 69, 70-71).[11]

Plaintiffs must not only show that defendants violated a legal duty separate from their contractual obligation, but also that the damages they suffered are not economic losses. This plaintiffs simply cannot do because even if they had losses (which they do not), they are purel

a defendant "directly or indirectly receive[d] compensation or other remuneration for advising another person . . . ." (Pl. Memo. 55). However, plaintiffs do not, and cannot, point to any language in the Complaint that alleges that any Apple REIT Defendant received compensation for advising plaintiffs. Count 11 should therefore be dismissed as to the Apple REIT Defendants.

Moreover, Berger, the only Connecticut plaintiff, has not alleged the purchase or ownership of Apple REIT Ten, thereby requiring the dismissal of Counts 10-12 as they relate to Apple REIT Ten. (*See* Apple REIT Defs. Memo. 27-28; Apple REIT Defs. Reply 12-13).

Plaintiffs have also failed to address the fact that certain CUSA claims are time-barred because they are based on purchases of securities that occurred more than two years prior to the filing of this suit. (*See* Apple REIT Defs. Memo. 33-34; Apple REIT Defs. Reply 13-14).

With respect to the FSIPA claim, plaintiffs fail to allege justifiable reliance while admitting that recent cases "do hold that justifiable reliance is an element of a section 517.301 claim." (*See* Pl. Memo. 59 n.14, 58-61). In addition, Count 13 as it pertains to Apple REIT Ten should be dismissed because no Florida plaintiff has alleged the purchase or ownership of Apple REIT Ten securities. (*See* Apple REIT Defs. Memo. 27-28; Apple REIT Defs. Reply 14-15).

## CONCLUSION

For the reasons stated above, and in the memoranda of the Apple REIT Defendants and the DLA Defendants, the Apple REIT Individual and Affiliate Defendants respectfully request the Court dismiss all claims against them with prejudice.

Dated: July 13, 2012          Respectfully submitted,

/s/

Gregory S. Bruch
Sandra M. Hanna
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC  20006
Tel.: (202) 303-1230
shanna@willkie.com

*Attorneys for Defendants Bruce H. Matson, Ronald A. Rosenfeld, and Lisa B. Kern*

Marshall Beil
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
Telephone: (212) 548-2100

Elizabeth F. Edwards
McGUIREWOODS LLP
One James Center
901 East Cary St.
Richmond, VA 23219-4030
Telephone: (804) 775-4390

Charles Wm. McIntyre
McGUIREWOODS LLP
Washington Square
2001 K St. N.W. Suite 400
Washington, D.C. 20006-1040
Telephone: (202) 857-1742

*Attorneys for Defendants Glenn W. Bunting, Kent W. Colton, Michael S. Waters, Robert M. Wily, Garnett Hall, Jr., Anthony Francis "Chip" Keating, David J. Adams, Glade M. Knight, Bryan Peery, Apple Suites Realty Group Inc., Apple Eight Advisors, Inc., Apple Nine Advisors, Inc., Apple Ten Advisors, Inc. and Apple Fund Management, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2012, the foregoing document was served on the following via e-mail:

| | |
|---|---|
| Daniel C. Girard<br>Amanda M. Steiner<br>Christina C. Sharp<br>Janice S. Yi<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>dcg@girardgibbs.com<br>chc@girardgibbs.com | Kenneth I. Schacter<br>Derek Care<br>**BINGHAM McCUTCHEN LLP**<br>399 Park Avenue<br>New York, NY 10022-4689<br>kenneth.schacter@bingham.com<br>derek.care@bingham.com |
| Jacob H. Zamansky<br>Edward H. Glenn, Jr.<br>Kevin D. Galbraith<br>**ZAMANSKY & ASSOCIATES, LLC**<br>50 Broadway, 32nd Floor<br>New York, NY 10004<br>jake@zamansky.com | Michael D. Blanchard<br>**BINGHAM McCUTCHEN LLP**<br>One State Street<br>Hartford, CT 06103-3178<br>michael.blanchard@bingham.com<br><br>*Attorneys for Defendants David Lerner Associates, Inc. and David Lerner* |
| *Lead plaintiffs' Counsel and Interim Class Co-Counsel* | |
| David P. Meyer<br>Matthew R. Wilson<br>**MEYER WILSON CO., LPA**<br>1320 Dublin Road, Suite 100<br>Columbus, OH 43215<br>dmeyer@meyerwilson.com | |
| *Additional plaintiffs' Counsel* | |

                                          __/s/ Elizabeth F. Edwards__
                                          Elizabeth F. Edwards
                                          McGUIREWOODS LLP
                                          901 East Cary St.
                                          Richmond, VA 23219-4030
                                          eedwards@mcguirewoods.com